Kelly M. Dermody (State Bar No. 171716)
kdermody@lchb.com
Michael Levin-Gesundheit (State Bar No. 292930)
mlevin@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorneys for Center for Immigration Law & Policy*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR IMMIGRATION LAW & POLICY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1. Plaintiff Center for Immigration Law & Policy brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeks disclosure of records held by the United States Immigration and Customs Enforcement agency ("ICE"), a branch of the Department of Homeland Security ("DHS"). Plaintiff seeks to enforce the public's right to information regarding Defendant's immigration actions, including removals, detentions, and apprehensions. *See* Request Under Freedom of Information Act (Expedited Processing & Fee Waiver/Limitation Requested) (the "FOIA Request"), a true and correct copy of the FOIA Request is annexed hereto as **Exhibit A**.

2. Nearly every category of information that Plaintiff seeks has been released by ICE in the past. Indeed, the Second Circuit Court of Appeals recently required ICE to release several categories of the requested data and to link those categories by producing anonymized unique identifiers that correspond to an individual's Alien File Number. *See ACLU v. ICE*, 58 F.4th 643 (2d Cir. 2023).

3. This lawsuit is necessary not because Plaintiff seeks novel information, but because ICE has not responded to Plaintiff's request, filed nearly six months ago.

4. The information sought is of significant value to the public. Plaintiff seeks information about ICE encounters, arrests, detainers, detentions (and alternatives to detention), and removals. *Id.* This data is essential for Plaintiff and the public to understand and track rapidly changing immigration enforcement policy.

5. ICE's failure to respond to Plaintiff's FOIA Request and release the requested records violates the FOIA and impedes Plaintiff's efforts to educate the public regarding how ICE enforces federal immigration laws and to determine whether ICE's current practices comply with applicable laws, regulations, and constitutional requirements. Although ICE has released almost all of these

categories of information in the past, it does not do so regularly, and there is therefore no comparable up-to-date source of information or analysis of enforcement and immigration detainee data available to the public. Instead, ICE publicly releases only extremely limited aggregate statistics, meaning that the public lacks the most basic information about ICE's enforcement, including—to list only three examples—any information about transfers between detention centers, about the likelihood that an arrest will result in continued detention, and about the likelihood that detention will result in deportation.

6. The requested information—anonymized data at the individual level—would allow researchers, journalists, and advocates to track the enforcement steps that ICE takes in each case. This information would increase the public's understanding about how ICE is identifying immigrants for detention and removal; how it is treating immigration detainees; and how the public's tax dollars are being spent with respect to such immigration matters. Thus, the requested information will significantly contribute to the public's understanding of government operations and activities.

## II.  JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C § 1346.

8. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 because Plaintiff has its principal place of business in this District in Los Angeles, California.

## III.  THE PARTIES

9. Plaintiff Center for Immigration Law & Policy ("CILP") is at the University of California, Los Angeles School of Law. It is an immigration law and policy research center that serves as a hub for immigration scholarship and advocacy, engaging students and faculty, community organizations, practitioners, lawmakers, and experts in the field.

10. Defendant United States Immigration and Customs Enforcement agency ("ICE") is a branch of the Department of Homeland Security ("DHS"), a federal executive department.

## IV. THE FOIA REQUEST

11. On May 31, 2024, Plaintiff submitted the FOIA Request at issue, seeking eight categories of data ICE is known to maintain, from Fiscal Year 2012 to the date that ICE produces the data, concerning: (1) removals; (2) "Secure Communities" removals (which are removals following a biometrics match); (3) detentions; (4) arrests and apprehensions; (5) encounters; (6) alternatives to detention; (7) detainers; and (8) orders of supervision.

12. The Request noted that ICE is required to link each of these categories of data with the others by producing an anonymized unique identifier that corresponds to each individual's Alien File Number. *See ACLU v. ICE*, 58 F.4th 643 (2d Cir. 2023).

13. Nearly all of these categories of data have been released in the past. In particular, the Request noted that several of these categories of data were recently released in response to request 2023-ICFO-42034.

14. However, the request also noted an important category that ICE has not released in the past: the "idncase" number that allows ICE data to be matched anonymously with data that the Executive Office for Immigration Review ("EOIR"), which houses the immigration courts, releases monthly. *See* EOIR CASE Data, available at justice.gov/eoir/foia-library-0. This anonymous identifier will allow journalists, advocates, and researchers to track the immigration court outcomes associated with each ICE enforcement action.

15. The FOIA Request included a request for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E). See also 6 C.F.R. § 5.5(e)(1). The request explained that there is a "compelling need" for these records because the information requested is "urgen[tly]" needed by an organization primarily engaged

in disseminating information "to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

16. With respect to the first part of the expedited processing standard, the request explained that these records are urgently needed to inform the public about actual or alleged government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(e)(1)(ii). The requested records seek to inform the public about the government's current enforcement policies and practices, which change frequently. In just one example, the government recently expanded use of alternatives to detention, and little is known about their impact on removals and immigration court proceedings. *See, e.g.*, TRAC, "ICE Increases Use of GPS Monitoring for Immigrants in Alternatives to Detention (ATD)," Mar. 14, 2024, *available at* https://trac.syr.edu/whatsnew/email.240315.html; Gaby Del Valle, "ICE is Subjecting a Record Number of Asylum Seekers to Electronic Monitoring," THE NATION, Oct. 18, 2022, *available at* https://www.thenation.com/article/society/migrants-ice-alternatives-detention/.

17. With respect to the second requirement for expedited processing, the request explained that the Plaintiff is "primarily engaged in disseminating information" within the meaning of the FOIA. 5 U.S.C. § 552(a)(6)(E)(v)(II). *See also* 6 C.F.R. § 5.5(e)(1)(ii). CILP is a hub for immigration scholarship and advocacy, engaging students and faculty, community organizations, practitioners, lawmakers, and experts in the field. CILP regularly publishes reports that collect, analyze and disseminate information about government activity, including drawing on information released by the government through FOIA requests. *See, e.g.*, The Biden Administration's Dedicated Docket: Inside Los Angeles' Accelerated Court Hearings for Families Seeking Asylum (May 2022), *available at* https://law.ucla.edu/sites/default/files/PDFs/Center_for_Immigration_Law_and_Pol icy/Dedi cated_Docket_in_LA_Report_FINAL_05.22.pdf; No Fair Day: The Biden Administration's Treatment of Children in Immigration Court (December 2023),

1  *available at*
2  https://law.ucla.edu/sites/default/files/PDFs/Center_for_Immigration_Law_and_Pol
3  icy/No_ Fair_Day_Children_in_Immigration_Court_White_Paper.pdf.
4      18.    CILP educates the public through these reports, including by issuing
5  press releases, and its attorneys are frequently interviewed for news stories that
6  draw on this information. *See, e.g.*, CILP Press Release, "No Fair Day: Damning
7  New Report Reveals the Biden Administration's Unlawful Treatment of Children in
8  Immigration Courts," Dec. 13, 2023, available at https://law.ucla.edu/news/no-fair-
9  day-damning-new-report-reveals-biden- administrations-unlawful-treatment-
10  children-immigration-courts; CILP Press Release, "Gross Miscarriages of Justice
11  Continue Two Years into Biden Administration's Fast-Track Court Program for
12  Families Seeking Asylum," June 22, 2023, *available at*
13  https://law.ucla.edu/news/gross-miscarriages-justice-continue-two-years-biden-
14  administrations-fast-track-court-program-families-seeking-asylum; CILP Press
15  Release, "New Evidence of Horrific Treatment of Pregnant People in CBP Custody
16  Reignites Demand for Change," Apr. 25, 2023, *available at*
17  https://law.ucla.edu/news/new-evidence- horrific-treatment-pregnant-people-cbp-
18  custody-reignites-demands-change. CILP's publications are broadly circulated to
19  the public and widely available to the public at no cost.
20      19.    CILP also regularly hosts public events intended to educate the public
21  and foster discussion about U.S. immigration law and policy. *See*
22  https://law.ucla.edu/academics/centers/center-immigration-law-and-policy/cilp-
23  events (listing public events held in 2021, 2022, 2023, and 2024). Those public
24  events include conversations with high-level government officials, which draw on
25  information released by the government through FOIA requests.
26      20.    CILP further explained that it intends to analyze, publish, and
27  disseminate to the public information gathered through this Request.
28      21.    Given the foregoing, CILP satisfied the requirements for expedited

1 processing of this request.

2     22.    In addition, CILP sought a full fee waiver because disclosure of the
3 requested records is in the public interest and is "likely to contribute significantly to
4 public understanding of operations or activities of the government and is not
5 primarily in the commercial interest of the requestor." 5 U.S.C. § 522(a)(4)(A)(iii).

6     23.    The Request explained that a fee waiver is required because disclosure
7 of the documents sought is in the public interest and will contribute significantly to
8 the public's understanding of ICE's enforcement practices. The Request explained
9 that the records are not sought for commercial use, and CILP plans to disseminate
10 the information to the public at no cost. CILP is therefore entitled to a full fee
11 waiver under 5 U.S.C. § 522(a)(4)(A)(iii).

## V.   ICE'S LACK OF RESPONSE

13     24.    ICE acknowledged the Request on June 10, 2024 and assigned it
14 reference number 2024-ICFO-39357. The acknowledgment is attached as Exhibit
15 B. The acknowledgment invoked the ten-day extension provision of 5 U.S.C.
16 § 552(a)(6)(B).

17     25.    The acknowledgment did not mention or respond to CILP's requests
18 for expedited processing and a fee waiver. *See* Ex. B.

19     26.    CILP has received no further response or communication from ICE.

## VI.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

**Violation of Freedom of Information Act, 5 U.S.C. § 552, and 6 C.F.R. § 5.6(c) Promulgated Thereunder, for Failure to Timely Disclose Responsive Agency Records**

25     27.    Defendant's unlawful withholding of documents responsive to
26 Plaintiff's FOIA Request violates 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C.
27 § 552(a)(6)(A), as well as 6 C.F.R. § 5.6(c), promulgated thereunder.
28     28.    Defendant is obligated under 5 U.S.C. § 552(a)(3) to produce records

responsive to Plaintiff's FOIA Request.

29. Defendant was required to respond to Plaintiff's FOIA Request within 20 business days under 5 U.S.C. § 552(a)(6)(A) and 6 C.F.R. § 5.6(c), promulgated thereunder. Even assuming that Defendant correctly invoked the ten-day extension provision of 5 U.S.C. § 552(a)(6)(B), Defendant was required to respond within 30 business days, which expired on July 16, 2024.

30. No basis exists for Defendant's failure to provide a response to Plaintiff's request. Plaintiff has exhausted its administrative remedies by virtue of Defendant's failure to respond to the FOIA Request.

## SECOND CLAIM FOR RELIEF

### Violation of Freedom of Information Act, 5 U.S.C. § 552, for Failure to Timely Conduct an Adequate Search of Agency Records

31. Defendant has failed to produce or reproduce any responsive records.

32. ICE is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for and to produce records responsive to Plaintiff's FOIA Request. Plaintiff has a legal right to obtain such records, and no legal basis exists for ICE's failure to conduct a reasonable search for records through the present date.

33. Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's FOIA Request violates 5 U.S.C. §§ 552(a)(3)(C) and (a)(6)(A), as well as 6 C.F.R. § 5.6(c), promulgated thereunder.

## THIRD CLAIM FOR RELIEF

### Violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(1) & (2), for Failure to Timely Respond to the Request for Agency Records

34. Defendant's failure to timely respond to Plaintiff's FOIA Request for agency records constitutes agency action unlawfully withheld and unreasonably delayed in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1).

35. Additionally, Defendant's failure to timely respond is arbitrary,

1 capricious, an abuse of discretion, and not in accordance with law in violation of
2 the Administrative Procedure Act, 5 U.S.C. § 706(2).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendant and that the Court:

(a) Declare unlawful Defendant's refusal to disclose the records requested;

(b) Declare that Defendant's failure to make a determination with respect to Plaintiff's FOIA Request (including its expedited processing and fee waiver requests) within the statutory time limit and Defendant's failure to disclose responsive records violates the FOIA;

(c) Declare that Defendant's failure to timely respond to Plaintiff's request for agency records violates the Administrative Procedure Act;

(d) Compel Defendant and any of Defendant's departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendant to conduct a full, adequate, and expeditious search for records responsive to Plaintiff's FOIA Request and to produce any and all such records to Plaintiff;

(d) Enjoin Defendant, and any of its departments, components, other organizational structures, agents, or other persons acting by, through, for or on behalf of Defendant from withholding non-exempt records responsive to Plaintiff's FOIA Request and order them to promptly produce the same without redaction;

(e) Award Plaintiff its reasonable attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

(f) Grant any such other or further relief as the Court deems just and equitable.

| | | |
|---|---|---|
| Dated: December 4, 2024 | | Respectfully submitted, |
| | | By: */s/ Kelly M. Dermody* |
| | | */s/ Michael Levin-Gesundheit* |
| | | Kelly M. Dermody (State Bar No. 171716)<br>kdermody@lchb.com<br>Michael Levin-Gesundheit (State Bar No. 292930)<br>mlevin@lchb.com<br>**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339<br>Telephone: 415.956.1000 |
| | | *Attorneys for Center for Immigration Law & Policy* |