BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASON K. AXE (Cal. Bar No. 187101)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8790
    E-mails: Jason.Axe@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR IMMIGRATION LAW & POLICY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | No. 2:24-cv-10444-SSC<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant United States Immigration and Customs Enforcement, by and through its undersigned counsel, hereby answers the numbered paragraphs of the Complaint (Dkt. 1) filed by Plaintiff Center for Immigration Law & Policy. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer.

Defendant responds to the Complaint in like-numbered paragraphs as follows:

## I.    INTRODUCTION[1]

1.    The allegations in this paragraph consist of Plaintiff's characterization of this action and its reasons for bringing this action, to which no response is required. To the extent any further response is required, Defendant admits that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA"). Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate reading of its contents and denies any allegations inconsistent herein.

2.    As to the allegations in Paragraph 2, pertaining to ICE's prior release of information, Defendant is without sufficient knowledge to determine the truth or falsity of the allegations, therefore they are denied. Defendant respectfully refers the Court to the authority cited by Plaintiff for a true and accurate reading of its content and denies any allegations inconsistent therewith.

3.    The allegations in Paragraph 3 consist of Plaintiff's characterization of this

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2

action and its reasons for bringing this action, to which no response is required. To the extent a response is required, Defendant denies.

4. The allegations in Paragraph 4 do not set forth a claim for relief or aver facts in support of a claim, and therefore do not require a response. To the extent that a response is deemed required, as to the public concern and interest in the subject matter of the Plaintiff's FOIA request, Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations, therefore they are denied.

5. As to the allegations in the first sentence of Paragraph 5, pertaining to the public interest in the subject matter of the Plaintiff's FOIA request, Defendant is without sufficient knowledge to determine the truth or falsity of the allegations, therefore they are denied. The remaining allegations contained in Paragraph 5 do not set forth a claim for relief or aver facts in support of a claim, and therefore no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the articles cited by Plaintiff for a true and accurate reading of their contents, as referenced in the Complaint, and denies any allegations inconsistent therewith.

6. As to the allegations in Paragraph 6, pertaining to the public interest in the subject matter of the Plaintiff's FOIA request, Defendant is without sufficient knowledge to determine the truth or falsity of the allegations, therefore they are denied.

## II.   JURISDICTION AND VENUE

7. Defendant admits that this Court has jurisdiction subject to the limitations of the FOIA.

8. Defendant admits that venue is proper in this judicial district.

## III.   PARTIES

9. The allegations contained in Paragraph 9 consist of Plaintiff's characterization of itself, to which no response is required. To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations, therefore they are denied.

10. Defendant admits that ICE is a federal agency for the purposes of the FOIA

and is subject to the FOIA, 5 U.S.C. § 552, *et seq*, and is a component of DHS.

## IV. THE FOIA REQUEST

11. Defendant admits that Plaintiff submitted a FOIA request on May 31, 2024, seeking the disclosure of certain records. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate reading of its contents and denies any allegations inconsistent herein.

12. Defendant admits that Plaintiff submitted a FOIA request, seeking the disclosure of certain records. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate reading of its contents and denies any allegations inconsistent herein.

13. As to the allegations contained in Paragraph 13, pertaining to ICE's prior release of information, Defendant is without sufficient knowledge to determine the truth or falsity of the allegations, therefore they are denied.

14. Defendant admits that Plaintiff submitted a FOIA request, seeking the disclosure of certain records. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate reading of its contents and denies any allegations inconsistent herein.

15. Defendant admits that Plaintiff included a request for expedited processing in its initial FOIA request. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate reading of its contents and denies any allegations inconsistent herein.

16. The allegations in Paragraph 16 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the FOIA, and the authorities cited by Plaintiff for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

17. The allegations in Paragraph 17 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant

respectfully refers the Court to the FOIA, and the authorities cited by Plaintiff for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

18. The allegations contained in Paragraph 18 consist of Plaintiff's characterization of its public services, to which no response is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

19. The allegations contained in Paragraph 19 consist of Plaintiff's characterization of its public services, to which no response is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

20. The allegations in Paragraph 20 consist of Plaintiff's characterization of the purpose for their request, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the Plaintiff's FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

21. The allegations in Paragraph 21 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the Plaintiff's FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

22. The allegations in Paragraph 22 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the FOIA, and the authorities cited by Plaintiff for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

23. The allegations in Paragraph 23 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the FOIA, and the authorities cited by Plaintiff for a

complete and accurate description of its contents and denies any allegations inconsistent therewith.

## V. ICE's LACK OF RESPONSE

24. Defendant admits that ICE acknowledged Plaintiff's FOIA request on June 10, 2024, assigned it reference number 2024-ICFO-39357, and invoked the ten-day extension provision of 5 U.S.C. § 552(a)(6)(B).

25. Defendant admits that Plaintiff's FOIA request sought a waiver or reduction of all costs and expedited processing. Defendant respectfully refers the Court to the FOIA request for a true and complete reading of its content and denies any allegations inconsistent therewith.

26. Defendant admits that as of the filing of the Complaint, a final FOIA response had not been provided to Plaintiff.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of Freedom of Information Act, 5 U.S.C. § 552, and 6 C.F.R. § 5.6(c) Promulgated Thereunder, for Failure to Timely Disclose Responsive Agency Records

27. The allegations in Paragraph 27 contain legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied.

28. As to the allegation in Paragraph 28, Defendant admits that they are an agency for the purposes of the FOIA.

29. The allegations in Paragraph 29 contain legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied.

30. The allegations in Paragraph 30 contain legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

**<u>Violation of the Administrative Procedure Act, 5 U.S.C. § 552, for Failure to Timely Conduct an Adequate Search for Agency Records</u>**

31. Defendant admits that as of the filing of the Complaint a final FOIA response had not been provided to Plaintiff.

32. As to the allegations contained in Paragraph 32, Defendant admits that they are an agency for the purposes of the FOIA. The remaining allegations contain legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied.

33. The allegations in Paragraph 33 contain legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied.

## THIRD CLAIM FOR RELIEF

**<u>Violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(1) & (2), for Failure to Timely Respond to the Request for Agency Records</u>**

34. The allegations in Paragraph 34 contain legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied

35. The allegations in Paragraph 35 contain legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, to which no responses are required. Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendant hereby denies generally and specifically each and every allegation contained in Plaintiff's Complaint that has not been previously admitted, denied, or

otherwise answered.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation. In asserting these defenses, Defendant does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA.

### SECOND AFFIRMATIVE DEFENSE

Defendant has not improperly withheld any records under the FOIA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exemptions to the FOIA, or under other provisions of the law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to satisfy prerequisites to suit, this Court lacks jurisdiction over any matter as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's request submitted under the FOIA did not reasonably describe the records sought.

### SEVENTH AFFIRMATIVE DEFENSE

Any information that Defendant has withheld, or will withhold, in response to

Plaintiff's FOIA requests may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552, *et seq.*, and/or the Privacy Act, 5 U.S.C. § 552(a), *et seq.*

## **EIGHTH AFFIRMATIVE DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to lawful authority.

WHEREFORE, Defendant prays:

1. That judgment be entered for Defendant and against Plaintiff;
2. That Plaintiff's Complaint and action be dismissed in its entirety;
3. That Defendant be awarded costs and disbursement in this action; and
4. For such other and further relief as the Court may deem just and proper.

Dated: April 21, 2025

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Jason K. Axe*
JASON K. AXE
Assistant United States Attorney
Attorneys for Defendant