Kelly M. Dermody (State Bar No. 171716)
kdermody@lchb.com
Michael Levin-Gesundheit (State Bar No. 292930)
mlevin@lchb.com
Celena H. Nelson (State Bar No. 356840)
chnelson@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorneys for Center for Immigration Law & Policy*

[Additional counsel on the next page]

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR IMMIGRATION LAW & POLICY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No. 2:24-cv-10444-SSC<br><br>**JOINT REPORT OF CONFERENCE OF PARTIES**<br><br>[Fed. R. Civ. P. 26(f)]<br><br>Date: May 20, 2025<br>Time: 2:30 p.m.<br>Ctrm: 790<br><br>Hon. Stephanie S. Christensen |

*[Caption Page Continued - Additional Attorneys]*

Amber Qureshi
*Pro hac vice application pending*
LAW OFFICE OF AMBER QURESHI, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
amber@qureshilegal.com
Tel: (443) 583-4353

*Attorney for Center for Immigration Law & Policy*

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SARAH L. CRONIN (Cal Bar No. 252624)
JASON K. AXE (Cal. Bar No. 187101)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3986/8790
    E-mails: Sarah.Cronin@usdoj.gov
            Jason.Axe@usdoj.gov

*Attorneys for Defendant*
*U.S. Immigration and Customs Enforcement*

Plaintiff Center for Immigration Law and Policy ("Plaintiff") and Defendant U.S. Immigration and Customs Enforcement ("ICE" or "Defendant"), having met and conferred, in accordance with the Court's April 22, 2025 Order Setting Scheduling Conference (ECF 14), hereby submit their Joint Report as required by Fed. R. Civ. P. 26(f) and Local Rule 26-1.

1. **STATEMENT OF THE CASE**

This is an action brought by Plaintiff under the Freedom of Information Act ("FOIA") and the Administrative Procedure Act for declaratory and injunctive relief seeking release of eight categories of data from ICE, from Fiscal Year 2012 to the date that ICE produces the data, concerning: (1) removals; (2) "Secure Communities" removals (which are removals following a biometrics match); (3) detentions; (4) arrests and apprehensions; (5) encounters; (6) alternatives to detention; (7) detainers; and (8) orders of supervision. Plaintiff submitted a FOIA request (the "Request") to ICE on May 31, 2024. On June 10, 2024, ICE acknowledged the Request.

After receiving no further response or communication from Defendant, Plaintiff filed its Complaint (ECF 1) on December 4, 2024. In its Complaint, Plaintiff alleges that Defendant failed to adequately search for and promptly release responsive records. *Id.*

On March 18, 2025, Defendant produced 5 Excel spreadsheets in response to Plaintiff's FOIA request, each containing a range of 100,000-800,000 data entry rows. Defendant applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

Defendant filed its Answer (ECF 13) on April 21, 2025.

The parties have continued to discuss a possible resolution of the case, without the need for further litigation. However, the parties have been unable to resolve all remaining issues.

**Plaintiff's position** is that Defendant's response is inadequate in several key respects, including, *inter alia*:

- Defendant failed to produce any data on Alternatives to Detention and Orders of Supervision even though it was explicitly requested by Plaintiff;
- Defendant failed to produce the data for the full time period requested despite conceding that producing such data is not burdensome in past FOIA litigation over a similar data set, *see ACLU v. ICE*, 58 F.4th 643, 662–63 (2d Cir. 2023);
- Defendant failed to produce a specific field requested by Plaintiff (idncase field);
- Defendant failed to produce all relevant, nonexempt database fields in each table as requested by Plaintiff; and
- Defendant failed to produce the vast majority of entries in at least one of the data tables.

Plaintiff believes that Defendant should run an adequate search that addresses these issues and produce data from FY 2012 to the date the agency runs an adequate search.

**Defendant's position** is that it is preparing a response to the issues raised by Plaintiff in its April 25, 2025 letter regarding Defendant's production of records. Defendant expects that the parties will be able to wither resolve this case without the need for further litigation, or narrow the issues in dispute. In this regard, Defendant has recently asked Plaintiff to identify whether it has any issues with the redactions in Defendant's production of records and, if so, what those issues are.

This information will assist Defendant in preparing a *Vaughn* index in the event motions for summary judgment become necessary.

**2.      SUBJECT MATTER JURISDICTION**

This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C § 1346.

**3.      LEGAL ISSUES**

Key legal issues in this case include whether Defendant has conducted an adequate search in response to Plaintiff's Request and whether Defendant has properly established that any documents it withholds are exempt from disclosure.

This Court has jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff. 5 U.S.C. § 552(a)(4)(B). Under FOIA, an agency's decision to withhold information from the FOIA request is subject to *de novo* review by the courts. *Animal Legal Def. Fund v. United States Dep't of Agric.*, 935 F.3d 858, 863 (9th Cir. 2019). The agency has the burden to justify the non-disclosure of documents and establish that a particular document is exempt from disclosure. *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995).

To prevail in a FOIA action where the adequacy of the search is at issue, the agency must show that it made "a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see, e.g.*, *Gerstein v. CIA*, No. 06-4643, 2008 WL 4415080, at *3 (N.D. Cal. Sept. 26, 2008) ("The adequacy of the agency's search is judged by a standard of reasonableness...." (quoting *Citizens Comm'n on Human Rights*, 45 F.3d at 1328)); *Bonaparte v. DOJ*, 531 F. Supp. 2d 118, 122 (D.D.C. 2008) ("The

Court's review of the adequacy of an agency's search for responsive records is based on principles of reasonableness.").

In regard to any information that might be withheld, FOIA generally provides that any person has a right to obtain access to federal agency records, except to the extent that such records (or portions of them) are protected from public disclosure by one of nine exemptions. 5 U.S.C. § 552(b).

**4.    PARTIES, EVIDENCE, ETC.**

The plaintiff in this case is the Center for Immigration Law and Policy. It is a center at the University of California, Los Angeles School of Law.

The defendant is U.S. Immigration and Customs Enforcement, a branch of the Department of Homeland Security, a federal executive department.

Witnesses may include agency officials responsible for searching for responsive records.

The key documents at issue in the case are Plaintiff's Request and the documents Plaintiff alleges are being improperly withheld.

**5.    DAMAGES**

Not applicable. There are no damages in a FOIA action.

**6.    INSURANCE**

Not applicable. There are no insurance coverage issues in this case.

**7.    MOTIONS**

    **A.    PROCEDURAL MOTIONS**

The parties do not anticipate filing any procedural motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

    **B.    DISPOSITIVE MOTIONS**

The parties submit that all issues in this FOIA action can be decided and fully resolved on summary judgment.

**Plaintiff's <u>position</u>** is that the Court adopt the following briefing schedule:

| Action | Plaintiff's Proposal |
|---|---|
| Defendant will file and serve a Motion for Summary Judgment | June 3, 2025 |
| Plaintiff will file any Cross-Motion for Summary Judgment and Opposition to Defendant's Motion | June 17, 2025 |
| Defendant will file a Reply/Opposition | July 1, 2025 |
| Plaintiff will file any Reply | July 8, 2025 |
| Hearing on Cross-Motions | July 22, 2025 |

**Defendant's position** is that it is premature to propose a motion for summary judgment briefing schedule. The parties are still meeting and conferring regarding Plaintiff's list of purported deficiencies with Defendant's production of records (*see supra*, § 1, "Plaintiff's Position"). Further, it is unknown at this time the extent of the *Vaughn* index that Defendant will be required to prepare, which will need to be produced prior to any meet and confer regarding potential motions for summary judgment can take place.

Defendant proposes that the parties meet and confer on a proposed motion for summary judgment schedule once the above-referenced issues are resolved and then present it to the Court through a stipulation and proposed order.

**8.   MANUAL FOR COMPLEX LITIGATION**

The parties agree that the Manual for Complex Litigation should not apply to this case.

9. **DISCOVERY**

The parties agree that initial disclosures under Fed. R. Civ. P. 26(a) are not necessary in this matter. Because this is a FOIA action, the usual discovery process does not apply. District courts typically resolve actions to enforce FOIA on summary judgment. *See, e.g.*, *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008); *Sakamoto v. EPA*, 443 F.Supp.2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."); *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) ("FOIA cases are typically and appropriately decided on motions for summary judgment."). "Procedurally, district courts typically decide FOIA cases on summary judgment before a plaintiff can conduct discovery." *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (citing *Jones v. Federal Bureau of Investigation*, 41 F.3d 238, 242 (6th Cir. 1994)).

Discovery is only appropriate where "an agency has not taken adequate steps to uncover responsive documents," and discovery requests will be generally limited to the scope of the agency's search, its indexing and classification procedures, and similar factual issues. *Lawyers' Comm.*, 534 F. Supp. 2d at 1132 (citations and quotations omitted); *see Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). Accordingly, the parties submit that this matter should be resolved on summary judgment, prior to conducting any discovery.

10. **SETTLEMENT / ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties agree to select a neutral from the Court's mediation panel.

11. **TRIAL**

The parties do not anticipate a need for trial, either by judge or jury, on this matter. As set forth above, the parties submit that all of the claims in this case may be resolved on summary judgment.

12. **INDEPENDENT EXPERT OR MASTER**

The parties do not believe the Court should consider appointing a master pursuant to Rule 53 of the Federal Rules of Civil Procedure or an independent scientific expert.

13. **OTHER ISSUES**

None.

                Respectfully submitted,

Dated: May 12, 2025      LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

CELENA H. NELSON
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

LAW OFFICE OF AMBER QURESHI, LLC

*/s/ Amber N. Qureshi*
AMBER N. QURESHI
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Telephone: (443) 583-4353

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| 1 | Dated: May 12, 2025 | BILAL A. ESSAYLI<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney, Chief<br>Complex and Defensive Litigation Section<br>JASON K. AXE<br>Assistant United States Attorney<br><br>*Sarah L. Cronin*\*<br>SARAH L. CRONIN<br>Assistant United States Attorney<br><br>*Attorneys for Defendant* |

\*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing

-8-